IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **In re:** CHARLES E. WALKER, Debtor. | Case No. 3:16-bk-03304<br>Chapter 11<br>Judge Mashburn |
| **FAMILY TRUST SERVICES LLC, STEVEN REIGLE, REGAL HOMES CO., BILLY GREGORY, and JOHN SHERROD, on behalf of themselves and those similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**JULIE COONE, NATIONWIDE INVESTMENTS LLC, and MERDAN IBRAHIM,**<br><br>Defendants. | Case No. 3:19-ap-90088 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE OR REMAND AND
FOR ENTRY OF A BILL OF PEACE**

The Plaintiffs, Family Trust Services LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod, respectfully state as follows in support of their Motion to Strike or Remand and for Entry of a Bill of Peace:

### INTRODUCTION

On September 13, 2018, the Debtor improvidently removed this action—to which he was not a party—to the United States District Court for the Middle District of Tennessee. (*See* **Exhibit 1** hereto.) The Plaintiffs moved to remand, primarily on the basis that Mr. Walker was not a party and was thus incapable of removing

the case. Magistrate Judge Holmes agreed and entered a report and recommendation to that effect on March 12, 2019. (*See* **Exhibit 2** hereto.) That report and recommendation went unobjected to, and Judge Richardson adopted it, remanding the case on April 1, 2019. (*See* **Exhibit 3** hereto.) Mr. Walker has now, exactly thirty days later, removed the case again, while it remains in precisely the same procedural posture as it was when he removed in September of 2018. The analytical work has all been done for the Court by Magistrate Holmes. The judgment of remand incorporating her report and recommendation carries issue-preclusive effect establishing that the Court lacks jurisdiction. The Court should, applying the conclusions reached by Magistrate Holmes, strike Mr. Walker's notice of removal as a nullity, or at the very least, promptly remand this case to the State court whence it came. Because Mr. Walker has demonstrated a determination to impede the State court proceedings through unlawful removals, the Court should, moreover, (a) award the Plaintiffs their fees and expenses pursuant to 28 U.S.C. § 1447(c) and (b) enjoin Mr. Walker from further unauthorized removals of this case.

## FACTS

The Plaintiffs will provide only the most cursory outline for the sake of the record:

Several of the present Plaintiffs commenced this action against the present Defendants and additional then-Defendants Charles Walker, Jon Paul Johnson, and REO Holdings LLC in 2015. Mr. Walker subsequently filed bankruptcy. *See generally* ***Walker v. Family Trust Servs. LLC (In re Walker)***, No. 3:16-cv-1976 (M.D.

Tenn. Jan. 31, 2018). The present Plaintiffs (some of whom joined the case in between its filing and the bankruptcy petitions) went on to enter into a settlement with Mr. Walker and certain other Defendants, excluding those still in the caption. The claims against the nonsettling Defendants were severed and remanded to State Court by this Court, to which the case had, in the interim, been removed. Mr. Walker's bankruptcy case was subsequently closed.

Back in State court, an unrelated individual by the name of Carl Chambers subsequently sought leave to join this case as a plaintiff to assert claims against the existing Defendants and Mr. Walker arising primarily out of the same set of operative facts. That motion was set on the Chancery Court's Friday motion docket pursuant to local rule and served on the parties to the case pursuant to Tennessee Rule of Civil Procedure 5. But the motion was never granted, because Mr. Walker removed the case to the District Court before the chancellor signed an order to that effect. (*See* Ex. 2 at 2.) Thus, Mr. Walker was not a party when he filed the notice of removal. (*Id.*) Because it found he was not a party, the District Court remanded the case to State court. (*Id.* at 4–6; Ex. 3.)

Back in State court again, Mr. Chambers renewed his request to join the case and he and the existing Plaintiffs sought leave to file an amended joint complaint. (Like the prior proposed complaint, it makes clear that only Mr. Chambers, and not any of the current Plaintiffs, asserts claims against Mr. Walker.) The State court set the motion for a special setting on May 1, 2019, at 1:30 p.m. At 9:15 a.m. on May 1,

the Debtor filed the present notice of removal, again removing the case when he was not a party.

## ARGUMENT

**1. The Removing Party Bears the Burden of Demonstrating the Existence of Jurisdiction and the Propriety of Removal.**

"The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." ***Long v. Bando Mfg. of Am. Inc.***, 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." ***Hertz Corp. v. Friend***, 559 U.S. 77, 96–97 (2010). "All doubts as to the propriety of removal are resolved in favor of remand." ***Coyne v. Am. Tobacco Co.***, 183 F.3d 488, 493 (6th Cir. 1999), *quoted by Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). Moreover, removal must have been provident at the time it was sought: "the question of removability depends upon the state of the pleadings and the record at the time of the application for[]removal," ***Ala. Great S. Ry. v. Thompson***, 200 U.S. 206, 216 (1906); *see* ***Southland Commercial Grp. Inc. v. Southland Title & Escrow***, No. 3:17-cv-13, 2017 WL 2452004, at *4 (E.D. Tenn. June 5, 2017); *accord, e.g.*, ***Family Trust Servs. LLC v. Coone***, No. 3:18-cv-0859, 2019 WL 1128636, at *2 (M.D. Tenn. March 12, 2019), *aff'd* 2019 WL 1446976 (M.D. Tenn. April 1, 2019).

## 2. Mr. Walker Was Not a Party at the Time He Attempted to Remove, and Magistrate Holmes' Ruling Conclusively Establishes as Much.

Here, not only is Mr. Walker not a party, but his status as a nonparty is conclusively established by Magistrate Holmes' ruling in the prior removal proceeding. Thus, the Court need not reinvent the wheel in this respect. It can simply look to the work already performed by Magistrate Holmes. She wrote:

> Walker seeks removal under 28 U.S.C. § 1452, which permits *a party* to remove any civil action of which the federal court has jurisdiction § 1334. 28 U.S.C. § 1452(a) (emphasis added). The removing party has the burden of showing that removal is proper. "All doubts as to the propriety of removal are resolved in favor of remand."
>
> … In the instant case, the complaint pending in Chancery Court at the time of removal did not include Walker. Rather, Walker attempted to remove an anticipated Fourth Amended Complaint that would likely have named him as a defendant. *See* Docket Nos. 1 at §§ 4 and 6 and 1-1 and Docket Nos. 15-1 and 15-2. However, no order was entered by the Chancery Court permitting joinder of Walker prior to his filing of the Notice of Removal. Nor was the putative Fourth Amended Complaint naming Walker as a defendant filed in the Chancery Court at the time that Walker filed his Notice of Removal.
>
> As noted by the Sixth Circuit, an "oral order to amend the complaint [is] not effective Tennessee law until entered as a written order." The operative Chancery Court complaint by which the Court must determine removability is one to which Walker is not a party.
>
> Section 1452 makes clear that removal must be by a party. The Court finds especially instructive, if not definitive, the discussion in *In re Advance Iron Works, Inc.* that "under federal law, a 'party' to an action is someone who has been named in the complaint and served, or at

least has been named." … [S]ince Walker is not a party to the Chancery Court lawsuit, he may not avail himself of the removal procedures.

***Family Trust Servs.***, 2019 WL 1128636, at *2 (citations and footnotes omitted). (*See also* Ex. 2 at 3–5.)

Mr. Walker was not a party to this case in September 2018 because the operative complaint did not list him as a defendant and no order had been entered by the State court joining him as one. Nothing has changed. Nor, if anything had changed, has Mr. Walker carried his burden of demonstrating as much in his notice of removal. *See* ***Southland Commercial Grp.***, 2017 WL 2452004, at *4 (disregarding pre-removal state-court material not filed contemporaneously with notice of removal).

Moreover, the prior remand order carries preclusive effect on this point. "Issue preclusion, often referred to as collateral estoppel, 'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.'" ***Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging Inc.***, 701 F.3d 1093, 1098 (6th Cir. 2012) (quoting *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 918 F.2d 658, 661 (6th Cir. 1990)). The doctrine has four prerequisites:

(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.*

Each of these elements is present here. First, the issue of whether or not Mr. Walker was a party to this case, in the absence of any order making him one, was raised and actually litigated in the prior removal proceeding. Second, the determination that Mr. Walker was not a party was necessary to the District Court's determination that it lacked jurisdiction. Third, a final judgment on the merits of that issue resulted.[1] (*See* Ex. 3.) Fourth, Mr. Walker had a full and fair opportunity to litigate that issue in the prior removal proceedings, because the District Court afforded him an opportunity to present argument and evidence on it and he had a strong interest in asserting those arguments, without unique limitations resulting from the procedural posture or relationship of the parties. *See* **Banner v. United States**, 238 F.3d 1348, 1354 (Fed. Cir. 2001).

Accordingly, the fact that Mr. Walker is not a party to this case and lacks the capacity to remove is conclusively established by the District Court's judgment in Case Number 3:18-cv-0859, since that determination was previously made and nothing about the case has changed in the interim. Of course, the Court could readily reach the same conclusion itself on the present record. *See* **Ladd ex rel. Ladd v.**

---

[1] Dismissals for want of jurisdiction do not yield preclusive judgments with respect to the underlying claims, because these are not adjudicated. But such judgments are preclusive with respect to the jurisdictional question and the predicate jurisdictional facts. *See, e.g.*, **Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.**, 378 F.3d 1132, 1136 (10th Cir. 2004) (citing *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932)); *accord, e.g.*, **Ohio Nat'l Life Ins. Co. v. United States**, 922 F.2d 320, 325 (6th Cir. 1990) ("The *res judicata* effect of a 12(b)(1) motion is … limited to the jurisdictional issue.").

{00129484.DOCX / ver:3 }                                      -7-
Case 3:19-ap-90088   Doc 3   Filed 05/13/19   Entered 05/13/19 17:32:04   Desc Main
                             Document      Page 7 of 15

*Honda Motor Co.*, 939 S.W.2d 83, 104 (Tenn. Ct. App. 1996) ("A court speaks only through its written orders."); *see also* ***Freeman v. Blue Ridge Paper Prods. Inc.***, 551 F.3d 405, 409–10 (6th Cir. 2008) (holding federal courts must look to written order joining entity as party when determining party status for removal); ***Carson v. Challenger Corp.***, No. W2006-00558, 2007 WL 177575, at *4–5 (Tenn. Ct. App. Jan. 25, 2007) (holding a putative intervenor is not a party until written order permits joinder). Because there is no entered order, either in the record or elsewhere, affording anyone leave to file a complaint joining Mr. Walker, and because no such complaint has in fact been filed, Mr. Walker is plainly not a party. But the shortest, easiest path to this conclusion is via issue preclusion.

**3. Because He Was Not a Party, Mr. Walker Lacked the Capacity to Remove, and This Fact Is Established by Issue Preclusion as Well.**

As it did with the determination that Mr. Walker is not a party, the District Court in the prior removal proceeding plainly held that Mr. Walker, as a nonparty, lacked the capacity to remove:

> Section 1452 makes clear that removal must be by a party. The Court finds especially instructive, if not definitive, the discussion in *In re Advance Iron Works, Inc.* that "under federal law, a 'party' to an action is someone who has been named in the complaint and served, or at least has been named." … [S]ince Walker is not a party to the Chancery Court lawsuit, he may not avail himself of the removal procedures.

***Family Trust Servs.***, 2019 WL 1128636, at *2 (citations and footnotes omitted). (*See also* Ex. 2 at 5.) For all the same reasons that apply to the determination that Mr. Walker is not a party, the issue-preclusive effect of the remand order in Case

{00129484.DOCX / ver:3 }                    -8-
Case 3:19-ap-90088    Doc 3    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc Main
                                Document      Page 8 of 15

No. 3:18-cv-0859 conclusively establishes that Mr. Walker lacked the capacity to remove this case at the time he did so.[2]

## 4. Because Mr. Walker Lacked the Capacity to Remove, the Court Lacks Jurisdiction.

In addition to determining that Mr. Walker was not a party and that he accordingly lacked the capacity to remove, the District Court ruled on the consequences of that lack of capacity: "Without a proper showing of federal jurisdiction based on a procedurally sound removal, which Walker has failed to do, the Court concludes that it has no jurisdiction over the underlying action. … [T]he Court lacks jurisdiction over a matter that is not properly removed." ***Family Trust Servs.***, 2019 WL 1128636, at *3. Once again, issue preclusion rules the day, and the District Court's determination that an attempted removal by a nonparty fails to vest the Court with subject-matter jurisdiction must be accepted as conclusive. For that reason, the Court must, at the very least, remand the action. 28 U.S.C. § 1447(c).

---

[2] Even if it were not conclusively established by issue preclusion, this is also obviously correct. The courts of appeal have repeatedly held that nonparties may not remove. *See* ***Flagler Inv. Marietta LLC v. Multibank 2009-1 CRE Ventures LLC***, 633 F. App'x 747, 749–50 (11th Cir. 2015); ***De Jongh v. State Farm Lloyds***, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazer v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)); ***In re McNeil Bros. Co.***, 259 F.2d 386, 387–88 (1st Cir. 1958); ***Allen v. FDIC***, 710 F.3d 978, 981–82 (9th Cir. 2013); ***Village of Oakwood v. State Bank & Trust Co.***, 481 F.3d 364, 367–68 (6th Cir. 2007). The same holds true regardless of whether the removal invokes Section 1441 or Section 1452. *See, e.g.*, ***Harmon Family Trust v. Thomas (In re Thomas)***, 348 F. App'x 413, 414 (10th Cir. 2009) (recounting trial court's holding); ***McGrath RentCorp v. TCI Triangle Inc. (In re Providence Wireless LLC)***, 587 B.R. 858, 863 (Bankr. E.D.N.C. 2018); ***Adolay v. Metro. Bd. of Zoning Appeals (In re Three Sisters Nursing Home Inc.)***, No. 11-50417, 2012 WL 14264, at *1 (S.D. Ind. Jan. 4, 2012); ***Royal Bank Am. v. Bkdean Props. LLC (In re Croatan Surf Club LLC)***, No. 11-0194-8, 2011 WL 5909339, at *3 (Bankr. E.D.N.C. Aug. 10, 2011); ***Sayim v. Goetz (In re SOL LLC)***, 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009); ***Linnemann v. Post (In re Mission Bay Ski & Bike Inc.)***, No. 07-A-1045, 2007 WL 4390331, at *1 (Bankr. N.D. Ill. Dec. 14, 2007); ***In re 47-49 Charles Street Inc.***, 211 B.R. 5, 6 (S.D.N.Y. 1997).

Alternatively, some courts have stricken notices of removal suffering from facial defects of this sort. *See* **Family Trust Servs. LLC v. REO Holdings LLC**, No. 16-5049, slip op. at 2 (Bankr. W.D. Tenn. April 9, 2016) (attached hereto as **Exhibit 4**); **Croatan Surf Club**, 2011 WL 5909339, at *1; **Borough of Olyphant v. Pa. Power & Light Co.**, 269 F. Supp. 2d 601, 603 (M.D. Pa. 2003). Regardless of whether the Court strikes the notice of removal or simply orders the case remanded, it should do it directly.

**5. The Court Should Award the Plaintiffs the Fees and Expenses Incurred as a Result of the Removal.**

Section 1447(c) authorizes the Court to award a party successfully moving for remand "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court should award the Plaintiff those fees and expenses, because Mr. Walker's removal was (1) objectively unreasonable and (2) demonstrates the need for deterrence.

Section 1447(c) only requires the first of these: that is, it requires only that the Court find that the removing person "lacked an objectively reasonable basis for seeking removal." **Martin v. Franklin Capital Corp.**, 546 U.S. 132, 141 (2005). The provision exists "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." ***Id.*** at 140. "In general, objectively unreasonable removals should result in fee awards." **Warthman v. Genoa Twp. Bd. of Trustees**, 549 F.3d 1055, 1060 (6th Cir. 2008).

The Sixth Circuit has read **Martin** as directing the Court to ask if the removal was "fairly supportable," and directed that the underlying deterrent purpose in

exercising their discretion with respect to fee awards. *Id.* at 1060–61. But the "objectively unreasonable" and "fairly supportable" rules are not the same as a "frivolous" or "without foundation" requirement. **Kent State Univ. v. Lexington Ins. Co.**, 512 F. App'x 485, 489 (6th Cir. 2013). For instance, where the removability of a case hangs on an unclear issue that must be resolved in favor of remand, the removal would qualify as "objectively unreasonable" but not outright frivolous. *See **id.*** at 491–92. Thus, a remanding court may award fees under **Martin** and **Warthman** when, in a case falling along the spectrum between a reasonable removal and a frivolous one, "remand is no longer a close question." *Id.* at 492.

Here, the propriety of Mr. Walker's removal was not a close question. It was, to the contrary, flagrantly improper and in contravention of a final District Court judgment barely thirty days old. It is difficult to conceive how, having been informed in a final judgment only a month ago that he lacked the capacity to remove this case, Mr. Walker could have anything remotely resembling an objectively reasonable basis for removing it again, under the same conditions. Plainly he did not.

Moreover, Mr. Walker's repeated improper removals—this marks the third time he has wrongfully removed this case, and the fourth time he has removed it in a manner calculated to interfere with State court proceedings—demonstrate the need for the deterrence noted by the Supreme Court in **Martin**. Under the circumstances, an award of fees and expenses is appropriate. Upon direction from the Court, the Plaintiffs will file a detailed application setting forth the fees and expenses incurred as a result of the removal of this case.

{00129484.DOCX / ver:3 }　　　　　　　　　　　　-11-
Case 3:19-ap-90088　Doc 3　Filed 05/13/19　Entered 05/13/19 17:32:04　Desc Main
Document　　　Page 11 of 15

### 6. The Court Should Enter a Bill of Peace to Prevent Mr. Walker from Improperly Removing this Case Again.

The federal courts are not powerless in the face of abusive litigants' attempt to weaponize their processes. The All Writs Act, 28 U.S.C. § 1651(a), preserves for the District Courts the "inherent power to enter pre-filing orders against vexatious litigants." ***Orlando Residence Ltd. v. GP Credit Co.***, 609 F. Supp. 2d 813, 817 (E.D. Wisc. 2009) (applying remand directive of *Orlando Residence Ltd. v. GP Credit Co.*, 553 F.3d 550, 558 (7th Cir. 2009)). The Bankruptcy Courts possess those same powers, either under the All Writs Act directly or because Bankruptcy Code Section 105 replicates the Act's grant of powers. *See* ***In re Carroll***, 850 F.3d 811, 815 (5th Cir. 2017); ***Cent. W. Va. Energy Co. v. Wheeling-Pittsburgh Steel Corp.***, 245 F. App'x 415, 426 (6th Cir. 2007); ***In re Mastro***, 585 B.R. 587, 596 (B.A.P. 9th Cir. 2018).

The Court may prohibit vexatious litigants from making certain failings without prior court approval. *See* ***Carroll***, 850 F.3d at 815; ***Orlando Residence***, 609 F. Supp. 2d at 817. Indeed, this is precisely what the bankruptcy court in ***Carroll*** did. In so doing, the Court may direct the clerk not to accept or enter as filed unauthorized submissions from the litigant. *See* ***Whitaker v. Superior Ct. of Cal.***, 514 U.S. 208, 208–09 (1995); ***Wilson v. Todd***, 178 F. Supp. 2d 925, 930–31 (W.D. Tenn. 2001).

Mr. Walker is a vexatious litigant. During his bankruptcy he engaged in much of the vexatious conduct outlined by the Fifth Circuit in ***Carroll***. He has now repeatedly sought to use the federal courts as a revolving door to prevent the State

court from enforcing its contempt judgment against him, including by filing the present, frivolous notice of removal. This Court has its own business to conduct: Congress did not create it as a mechanism for pro se litigants to impair the proper operation of the judicial process in other courts.

Certain Courts of Appeal, including the Fifth Circuit in ***Carroll***, have utilized a four-factor test when considering an injunction against future filings:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

***Carroll***, 850 F.3d at 815. All of these factors weigh in favor of enjoining Mr. Walker from further improper removals. First, his history of litigation in his bankruptcy proceeding demonstrates a relentless dedication to the pursuit of meritless claims. He has effected facially invalid removals of this case now on three occasions. He has sued, via a patently meritless counterclaim, Plaintiffs' counsel in another action. (*See* **Exhibit 5**.) Second, there was no good-faith basis for this removal: it expressly contravenes the District Court's prior remand order and is improper on multiple levels. Third, the burden on the courts and parties has been, and proves to continue to be, substantial: the State court cannot effectuate its contempt judgment, and the other parties cannot proceed with the case, because of Mr. Walker's strategically timed removals. Fourth, Mr. Walker has made repeated improper removals, indicat-

ing that the prospect of merely monetary sanctions contemplated by Section 1477 alone does not suffice.

A prefiling injunction may be an unusual remedy, but Mr. Walker has demonstrated that he is an unusual litigant. The Court should, accordingly, enjoin Mr. Walker from removing this case again without leave and direct the Clerk not to file any notice of removal tendered by Mr. Walker in contravention of that directive.

## CONCLUSION

For all of the foregoing reasons, the Court should (1) remand this case to the Tennessee Chancery Court, or, in the alternative, strike the notice of removal; (2) determine that the Plaintiffs are entitled to an award of attorney's fees under 28 U.S.C. § 1447(c) and set a briefing schedule for the determination of the amount of that award; and (3) enter a bill of peace prohibiting Mr. Walker from removing this action against without leave and directing the Clerk not to file an unauthorized notice of removal tendered by Mr. Walker regarding it.

Respectfully submitted:

LEADER, BULSO & NOLAN, PLC


By: s/ Paul J. Krog
 Eugene N. Bulso, Jr. (No. 12005)
 Paul J. Krog (No. 29263)
 414 Union Street, Suite 1740
 Nashville, Tennessee 37219
 gbulso@leaderbulso.com
 pkrog@leaderbulso.com
 Tel.: (615) 780-4110
 Fax: (615) 780-4118
 *Attorneys for Family Trust Services LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod*

## CERTIFICATE OF SERVICE

I certify that the foregoing is being entrusted to the care of the United States Postal Service for delivery as first-class U.S. Mail to the following, and also filed via the Court's ECF system, which is expected to deliver a copy to the following, on this, the 13th day of May, 2019:

Patrick Newsom
Paul Bruno
Bruno|Newsom PLLC
40 Music Square E.
Nashville, TN 37203
615-251-9500
615-345-4188
patrick@brunonewsom.com
*Counsel for Defendant Nationwide Investments LLC*

Charles Walker
Woodbine Legal PC
69 Thompson Lane
Nashville, TN 37211
615-367-5111
615-383-1154
charles@woodbinelegal.com

Robert R Laser III
625 Main Street
Suite 206
Nashville, TN 37206
615-669-5468
rob@laserlawfirm.com
*Counsel for Defendants Merdan Ibrahim and Julie Coone*

        s/ Paul J. Krog
        Paul J. Krog