IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAMILY TRUST SERVICES LLC, STEVEN REIGLE, REGAL HOMES CO., BILLY GREGORY, and JOHN SHERROD, on behalf of themselves and those similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs | ) Case No. 3:18-cv-0859 |
| v. | ) Richardson/Holmes<br>) |
| JULIE COONE, NATIONWIDE INVESTMENTS LLC, and MERDAN IBRAHIM, | )<br>)<br>) |
| Defendants. | ) |

To: Honorable Eli J. Richardson, U.S District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are several motions, only two of which have been referred to the undersigned Magistrate Judge for disposition, Plaintiffs' motion to remand (Docket No. 12) and the motion of Charles Walker for an order to show cause (Docket No. 4). *See* Order at Docket No. 16. For the reasons discussed below, the Court recommends that Plaintiffs' motion to remand (Docket No. 12) be GRANTED. A remand would render all other pending motions moot, including Walker's motion for an order to show cause.

## I. Background

Although the collective filings in this case reflect a complicated and convoluted history in both the Bankruptcy Court and in the Davidson County Chancery Court involving some or all the parties named in the Notice of Removal to Federal Court filed by Walker (Docket No. 1), arriving at an outcome in this case does not require a lengthy recitation of the prior history. The Court therefore only states those circumstances necessary for context of the Court's recommendation.

The Notice of Removal, filed by Walker on September 13, 2018, lists Walker in the case style as a defendant in the lawsuit pending in the Davidson County Chancery Court. Docket No. 1 at 1. According to the Notice of Removal, on August 31, 2018, a motion was filed in the Chancery Court case to add parties, including Walker, by a proposed fourth amended complaint. *Id*. at 2 and Docket No. 1-1 at 1. However, although the Notice of Removal refers to the motion to amend as having been automatically granted (*see* Docket No. 1 at 2), nothing in the record from the Davidson County Chancery Court provided by Walker reflects that an order was entered permitting an amendment to add Walker as a party to that lawsuit or that a Fourth Amended Complaint with Walker as a named defendant was filed.

Plaintiffs acknowledge in their memorandum of law in support of the motion to remand that the motion to join claims against Walker and others was filed in the Chancery Court case, but they state that no other action occurred in the Chancery Court case to add Walker as a party. Docket No. 13 at 3. Instead, Walker filed the instant Notice of Removal before entry of an order by the Chancery Court allowing a fourth amended complaint or the filing of any amended complaint against Walker. *Id*.

Walker does not dispute these facts. He spends only one footnote in his response to Plaintiffs' motion even addressing this question. *See* Docket No. 15 at 12, n.4. In that footnote,

2

Case 3:19-ap-90088   Doc 8-2  Filed 05/13/19  Entered 05/13/19 17:32:04   Desc
Exhibit Report & Recommendation (No. 859)   Page 2 of 7

Walker states that Plaintiffs' submitted proposed order refers to the motion as granted. *Id*. *See also* Docket No. 15-2 (proposed order submitted to Chancery Court). But Walker offers no other evidence that at the time of removal he was a party to the Chancery Court lawsuit.

## II. Law and Analysis

Before explicating the reasons for the recommendation for remand, the Court finds it necessary to note that Walker fails to respond to the standing issue raised by Plaintiffs except to assert in a three-sentence footnote in his response that Plaintiffs' motion to amend was granted by the Chancery Court. *See* Docket No. 15 at 12, n.4.[1] Walker makes no other effort to address Plaintiffs' arguments that removal was improvident because he is not—and was not at the time of removal—a party to the Chancery Court lawsuit. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (internal quotations omitted). The Court is not obligated to "put flesh on [the] bones" of an argument mentioned "in the most skeletal way." *Id*. at 995-96. For this reason alone, the Court could simply conclude that Walker waived any argument about his standing to seek removal and, accordingly, remand this case to state court. Nevertheless, the Court will address the propriety of removal as follows.

Walker seeks removal under 28 U.S.C. § 1452, which permits *a party* to remove any civil action of which the federal court has jurisdiction § 1334. 28 U.S.C. § 1452(a) (emphasis added).[2]

---

[1] To be sure, Walker spends pages upon pages of argument about the jurisdiction of the Bankruptcy Court, but that discussion misses the mark. The step that Walker overlooked is the procedural soundness of the removal, which is fundamental to establishing federal court jurisdiction.

[2] Although there is a distinction between "original and exclusive jurisdiction" of bankruptcy cases under § 1334(a) and related to jurisdiction under § 1334(b), that is "original but

3

The removing party has the burden of showing that removal is proper. *In re National Century Financial Enterprises, Inc. Inv. Litigation*, 323 F.Supp.2d 861, 867 (Bankr. S.D. Ohio 2004) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). *See also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989) ("The party seeking removal bears the burden of establishing its right thereto."). "All doubts as to the propriety of removal are resolved in favor of remand." *National Century Financial Enterprises,* 323 F. Supp.2d at 867 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

The usual rule is that removability is determined from the record before the federal court at the time the notice of removal is filed. *Ahearn*, 100 F.3d at 453 (federal courts "look to the complaint at the time of removal … and determine whether the action was properly removed in the first place"). In the instant case, the complaint pending in Chancery Court at the time of removal did not include Walker. Rather, Walker attempted to remove an anticipated Fourth Amended Complaint that would likely have named him as a defendant. *See* Docket Nos. 1 at §§ 4 and 6 and 1-1 and Docket Nos. 15-1 and 15-2. However, no order was entered by the Chancery Court permitting joinder of Walker prior to his filing of the Notice of Removal. Nor was the putative Fourth Amended Complaint naming Walker as a defendant filed in the Chancery Court at the time that Walker filed his Notice of Removal.

As noted by the Sixth Circuit, an "oral order to amend the complaint [is] not effective Tennessee law until entered as a written order." *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (quoting *Mass. Mut. Life Ins. Co. v. Taylor Implement & Vehicle*

---

not exclusive jurisdiction" of civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code, the Court need not address that distinction because of the conclusion that Walker's attempted removal is fatally defective. *See also* n.3.

4

*Co.*, 195 S.W. 762, 765 (Tenn. 1917). *See also Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) ("[N]o oral pronouncement is of any effect unless and until made a part of a written judgment duly entered."). The operative Chancery Court complaint by which the Court must determine removability is one to which Walker is not a party. *See also CPC Livestock, LLC v. Fifth Third Bank, Inc.*, 495 B.R. 332, 340 (Bankr. W.D. Ky. 2013) (bankruptcy court declined to consider Second Amended Complaint that was amended *after* notice of removal).

Section 1452 makes clear that removal must be by a party. 28 U.S.C. §1452(a) ("A *party* may remove … ") (emphasis added). The Court finds especially instructive, if not definitive, the discussion in *In re Advance Iron Works, Inc.* that "under federal law, a 'party' to an action is someone who has been named in the complaint and served, or at least has been named." 495 B.R. 404, 409 (Bankr. S.D. Ill. 2013) (internal quotations omitted). In *Advance Iron Works*, the bankruptcy court remanded a state court lawsuit against a chapter 11 debtor's vice-president and shareholder, holding that the debtor's status as a non-party was fatal to its effort to remove the lawsuit to bankruptcy court under 28 U.S.C. §1452. Similarly, since Walker is not a party to the Chancery Court lawsuit, he may not avail himself of the removal procedures.[3]

Without a proper showing of federal jurisdiction based on a procedurally sound removal, which Walker has failed to do, the Court concludes that it has no jurisdiction over the underlying

---

[3] Because this Court determines that removal by a non-party is a fatal defect that requires remand to the state court, it need not reach the other arguments made by either Plaintiffs or by Walker. The practicality of this is not lost on the Court. If Plaintiffs proceed with an amended complaint in Chancery Court that adds Walker, the Court supposes it is inevitable that Walker will again seek to remove the Chancery Court lawsuit at that time and the Court may then have to address one or more of the additional issues raised by the parties in this proceeding. Nevertheless, upon an improper removal, any action by the Court on the other issues raised would be little more than an advisory opinion, an exercise on which the Court is not inclined to spend its limited judicial resources.

5

action. Section 1447(c) directs that "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because the Court lacks jurisdiction over a matter that is not properly removed, remand is required. *See In re Hart*, 326 B.R 901 (Table), 2005 WL 1529581, at *2 (B.A.P. 6th Cir. June 24, 2005) (recognizing mandatory remand provision of § 1447(c) applies in removed bankruptcy matters based on determination in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) that both § 1447 and § 1452 govern remand in removal based on bankruptcy related jurisdiction).

### III. Recommendation

Based on the foregoing, the Court respectfully recommends that Plaintiffs' motion to remand (Docket No. 12) be GRANTED. Because a remand would render all other motions moot, further recommendation is made that Walker's motion for a show cause order (Docket No. 4) also be DENIED. Finally, although the two remaining motions, namely Plaintiffs' motion to strike or to file sur-reply (Docket No. 21) and Walker's motion to strike (Docket No. 23), were not separately referred to the undersigned, those motions relate to Walker's motion for a show cause order, and, as related motions, the Court also recommends that those two motions be DENIED as moot as well.

6

Case 3:19-ap-90088  Doc 8-2  Filed 05/13/19  Entered 05/13/19 17:32:04  Desc
Exhibit Report & Recommendation (No. 859)  Page 6 of 7

Any party objecting to this Report and Recommendation must file objections without fourteen (14) days of service of the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file specific objections to this Report and Recommendation within the required time can constitute a waiver of further appeal of the matters disposed of herein. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted

_____
BARBARA D. HOLMES
United States Magistrate Judge

7

Case 3:19-ap-90088   Doc 8-2   Filed 05/13/19   Entered 05/13/19 17:32:04   Desc
Exhibit Report & Recommendation (No. 859)   Page 7 of 7