**Dated: April 06, 2016**
**The following is SO ORDERED:**

_____
Jimmy L. Croom
UNITED STATES BANKRUPTCY JUDGE

_____

THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| **CHARLES E. WALKER,** | ) | Case No. 16-10413 |
|     Debtor. | ) | Chapter 11 |
| | ) | |
| **Family Trust Services, LLC;** | ) | |
| **Steven Reigle; Regal Homes Co.;** | ) | |
| **and Billy Gregory, on behalf of themselves** | ) | |
| **and those similarly situated,** | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Adv. Pro. No. 16-5049 |
| | ) | |
| **REO Holdings, LLC; Charles Walker;** | ) | |
| **Jon Paul Johnson; Julie Coone;** | ) | |
| **Nationwide Investments, LLC; and** | ) | |
| **Merdan Ibrahim,** | ) | |
|     Defendants. | ) | |

### ORDER STRIKING NOTICE OF REMOVAL

The Defendants in this matter filed Notice of Removal on April 5, 2016, in which they gave notice of removal of lawsuit from the Chancery Court for the State of Tennessee, Twentieth Judicial District, Davidson County, pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027.

28 U.S.C. § 1452(a) provides that "A party may remove any claim or cause of action in a civil action . . . to the district court for *the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a) (emphasis added). Bankruptcy Rule 9027(a)(1) similarly provides that "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Section 1452(a) is "unambiguous" and "requires the [notice of] removal to be filed with 'the district court for the district where [the] civil action is pending.' " *In re Newport Creamery, Inc.,* 275 B.R. 178, 181 (Bankr. D.R.I. 2002); *see also In re Aztec Indus., Inc.*, 84 B.R. 464, 467 (Bankr. N.D. Ohio 1987).

In this action, the civil action at issue is pending in Davidson County. 28 U.S.C. § 123(b)(1) provides that Davidson County is in the Middle District of Tennessee. Clearly, the Western District of Tennessee is not the "district where such civil action is pending" and the removal of the action to this Court is not proper. *In re Sunset Marine of Puerto Rico, Inc.*, 495 B.R. 190, 195 (Bankr. D.P.R. 2013) ("Removal to the district court in the district where the state case is pending is *mandated* by statute and implemented by rule.").

In response to the Notice of Removal, the Plaintiffs in this action filed a Motion for Remand. In addition to arguing that removal of the state court action was not appropriate, the Plaintiffs also asked the Court to award costs and attorney's fees incurred as a result of the notice of removal pursuant to 28 U.S.C. § 1447(c). Because the Court is striking the Notice of Removal, the Plaintiffs' Motion for Remand is moot; however, the striking of the Notice of Removal is without prejudice to the Plaintiffs filing a Motion for Attorney's Fees and Costs which contains an itemized statement of fees and costs incurred in responding to the Defendants' Notice of Removal in this proceeding. If filed, such motion will be set for a hearing before this Court.

It is **THEREFORE ORDERED** that the Defendants' Notice of Removal is **STRICKEN. IT IS SO ORDERED.**

Mailing List:
Plaintiffs
Paul Krog, attorney for Plaintiffs
Defendants
Thomas Strawn, Defendans' Attorney
United States Trustee

2

Case 3:19-ap-90088    Doc 3-4    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc
Exhibit Order Striking Notice of Removal (No. 5049)    Page 2 of 2