| | |
|---|---|
| DEBRA A. IRVIN, <br>     PLAINTIFF, <br><br> v. <br><br> GREEN WISE HOMES LLC, CHARLES E. WALKER, JON PAUL JOHNSON, JULIE COONE, JAMES BRETT, and NATIONWIDE INVESTMENTS LLC, <br>     DEFENDANTS. | CASE NO. 19-470-IV <br><br> JURY DEMAND |

## DEFENDANT CHARLES WALKER'S ANSWERS AND COUNTERCLAIMS AND THIRD PARTY CLAIMS

* * * * *

**COMES NOW**, Charles Walker, and for his answer to Plaintiff's Complaint DENIES EACH AND EVERY ALLEGATION AND LIE PUT FORTH BY PLAINTIFF AND HER ATTORNEYS and in addition to his general denial avers as follows:

1. Admit that Ms. Irvin is a citizen of Tennessee and lacks sufficient knowledge or information to admit or deny is she resides in Sumner County.

2. Admitted.

3. Admit that, at all times relevant hereto, I am a citizen and resident of Davidson and I am a licensed attorney in good standing. Admit that during the relevant times hereto I maintained an office at 69 Thompson Lane. Admit that I filed

Page **1** of **18**

Case 3:19-ap-90088    Doc 3-5    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc
Exhibit Walker Counterclaim    Page 1 of 18

a Chapter 11 reorganization on February 28, 2016, and that an official Discharge Injunction was entered on February 20, 2019. Deny that the statute of limitations was tolled during the claimed period.

4. Admitted.

5. Admit that Defendant Coone is a resident of the State of Tennessee and I lack knowledge or information sufficient to admit if she is residing in Dickson County.

6. Defendant lacks knowledge or information sufficient to admit this averment.

7.. Admit that Defendant Nationwide Investments LLC was formed pursuant to the laws of the State of Montana, deny that it has its principal place of business in Flathead County, Montana.

8. Admit that T.C.A. § 16-11-101 et seq. confers jurisdiction. Deny that it is exclusive jurisdiction.

9. Admit venue is proper in Davidson County pursuant to Statute.

10. Admit that Plaintiff was an heir of Mary Ann Overstreet. Deny that she was the sole heir.

11. Defendant lacks sufficient knowledge or information to admit this averment.

12. Admit that Lee R. Irvin and Debra A. Irvin filed Chapter 7 Bankruptcy and that they were upside down on the house in that they owed $256,270.79 in secured claims on the house at 1125 Sunnymeade valued at $139,000, per their own bankruptcy schedules. Deny that Julie Coone, myself or any other named Defendant had anything to do with her loosing her home. Judicial Notice can be taken of Case No. 13-299-II. She lost her home at a tax sale on September 18, 2013. Daryl Spicer bought her house at the tax sale and it was confirmed by the Davidson County Chancery Court on November 8, 2013.

13. Denied. The property was sold for delinquent 2011 and 2012 taxes that totaled $3,845.55 and court costs due the Clerk and Master of $1,604.22. Admit Daryl Spicer purchased her home at the tax sale on September 18, 2013, and that all of Ms. Irvin's rights, title and interest in the property were divested from her on that date by Order of the Davidson County Chancery Court Case No. 13-299-II.

14. Denied. This is a lie and an intentional misstatement of the law.

15. Admit that Defendant Julie Coone visited the Irvin's on two occasions on behalf of REO Holdings, LLC. Deny the remainder of the averment as a lie and because it contradicts the terms of the written contract the Irvin's signed with REO Holdings, LLC, to purchase her right of redemption for $5,000.00. (Exhibit A).

16. Denied. This averment is an intentional misstatement of the law.

17. Denied. This is a lie and this statement was made with knowledge of its falsity.

18. Denied.

19. Admit that Mr. and Ms. Irvin signed two (2) Quit Claim Deeds on August 9, 2014 and exhibit 2 to the complaint is one (1) of the deeds. Deny the remainder of the averment. It is an outright lie and was made with knowledge of its falsity by her and her attorneys.

20. Denied. This is an outright lie and was made with knowledge of its falsity by her and her attorneys.

21. Admit that one of the Deeds signed by the Irvins was recorded on August 11, 2014. Deny the rest of the averment. Admit that the inhumane and diabolical lies in the remainder of the averment were made by Ms. Irvin and her attorneys, all with knowledge of its falsity.

22. Admit that REO Holdings, LLC, filed a redemption on the property at 1125 Sunnymeade Drive, pursuant to a written contract with the Irvins. Deny the remainder of the averment; not only is it a lie, it is an intentional misstatement of the law

23. Deny that Defendant Coone or myself redeemed the property. The court records speak for itself, REO Holdings, LLC, redeemed the property.

24. Admit that Ms. Irvin accused REO Holdings, LLC, of fraud and taking her excess proceeds, by and through her attorney that called me on November 5, 2014.

25. Defendant lacks knowledge or information sufficient to admit this averment.

26. Defendant lacks knowledge or information sufficient to admit what a Mr. Chambers discussed with Ms. Irvin. Denied as to the rest and also, that it is a misstatement of the law.

27. Admit that Ms. Coone is a friendly, helpful person and that she is a human being. Denied as to the remainder--it is a lie and contains incorrect statements of law.

28. Admit that Ms. Ivrin called REO Holdings, LLC, and cussed me.

29. Denied. Not only is this a lie, but it also contains inaccurate statement of law.

30. Denied.

31. Denied.

32. Denied. Not only is this a lie, but it is an inaccurate conclusion of law.

33. Admit that Defendant Nationwide filed to quiet title. Deny that it is attached as Exhibit 6 to Plaintiff's Complaint. To the extent this averment seeks to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the court document.

34. Admit that title issues had to be resolved and that Nationwide ultimately sold the property. Denied that any Defendant received any share of the profits other than myself.

35. Denied. Ms. Irvin did not own the home during the "process" as she alleges. I am without knowledge or information sufficient to know what she did with the rest of the money she received.

36. Defendant relies on the previous answers for the respective averment as incorporated.

37. Denied. Not only is this a lie, but it is an intentional misstatement of the law.

38. Denied.

39. Denied.

40. Denied.

41. Defendant relies on the previous answers for the respective averment as incorporated.

42. Denied.

43. Denied.

44. Denied.

45. Denied. This statement makes no sense.

46. Denied.

47. Denied.

48. Denied.

Page **6** of **18**

Case 3:19-ap-90088    Doc 3-5    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc
Exhibit Walker Counterclaim    Page 6 of 18

49. Defendant relies on the previous answers for the respective averment as incorporated.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendant relies on the previous answers for the respective averment as incorporated.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant relies on the previous answers for the respective averment as incorporated.

Case 3:19-ap-90088    Doc 3-5    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc
Exhibit Walker Counterclaim    Page 7 of 18

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied that Plaintiff has the right to assert the lien lis pendens as described.

PLAINTIFF'S RELIEF REQUESTED:

Defendant denies that Plaintiff is entitled to any recovery whatsoever. Defendant further states that Plaintiff is not entitled to a lien lis pendens or any prejudgment attachment and that the Defendant has been severely harmed by her and her attorneys' lies.

To the extent Plaintiff is asserting a trial by Jury Defendant demands a Jury of twelve (12).

### AFFIRMATIVE DEFENSES:

**First Affirmative Defense: (Statute of Limitations)**

Defendant relies upon the affirmative defense of the statute of limitations contained in Tennessee Code Annotated Section 28-3-105 stating:

> The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;
(2) Actions for the detention or conversion of personal property; and
(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.
T.C.A. § 28-3-105

**Second Affirmative Defense: (D*erryberry* Doctrine)**

Plaintiff admits in her complaint that she became aware of the alleged "fraud" and called REO and "cussed" me out. After she became aware of the alleged fraud she proceeded on the transaction and cashed her $4,500 closing check. As a result, the *Derryberry* Doctrine prohibits any recovery.

In *Simon v. Goodyear Metallic Rubber Shoe Co.*, 105 F. 573 (6th Cir. 1900), *quoted* in *Wells v. Holley*, 145 Tenn. at 349-52, 235 S.W. at 431-32, the court said:

> The rule of damages in an action by one who has been fraudulently induced to make either a contract of sale or purchase, it must follow that if one, [*292] after full knowledge of the fraud and deceit by which he has been induced to make a sale of property, goes forward and executes it notwithstanding such fraud, the damage which he thereby sustains is voluntarily incurred. The maxim volenti non fit injuria has application to all loss resulting from the voluntary execution of a nonobligatory contract with full knowledge of the facts which render it voidable. Fraud without damage is not actionable. If the fraud be discovered while [**14] the contract is wholly executory, the party defrauded has the option of going on with it or not, as he chooses. If he executes it, the loss happens from such voluntary execution, and he cannot recover for a loss which he deliberately elected to incur. *Id.* at 579 (citations omitted).

*Graham*, 594 S.W.2d at 726-27.

In *Gilbert v. Hunnewell, Moores & Heiskill*, 59 Tenn. 289 (1873), the Court, quoting Story on *Contracts*, stated:

> It is solely at the option of the party upon whom the fraud is practiced, whether he will be bound by the agreement or not. Yet if he determine to avoid a contract because of the fund [*sic*], he must give notice of such determination to the other party within reasonable time after his discovery of the fraud; and if, with a knowledge of the fraud, he acquiesce in the contract expressly, or do any act importing an intention to stand by it, or remain silent under circumstances which plainly indicate a continuing assent thereto, he can not afterward avoid it; for practically no man is injured if he know of the deceit which is practiced and consent to it, since the deceit then becomes an agreed fact of the case. So, also, if he treat [**15] the subject-matter as his own, by selling or leasing, he can not avoid the contract on the ground of fraud, even although he should afterwards discover some new incident to the same fraud, making it more to his injury than he supposed.

*Id.* at 292-93. *See also Wyatt v. Brown*, 39 Tenn. App. 28, 281 S.W.2d 64, 68 (1955); *Tennessee Adjustment Service, Inc. v. Miller*, 54 Tenn. App. 313, 390 S.W.2d 696, 701-02 (1964); *Derryberry v. Hill*, 745 S.W.2d 287, 291-92 (Tenn. Ct. App. 1987).

### Third Affirmative Defense: (Plan Injunction and Discharge Injunction)

11 U.S.C. Section 1141 provides that "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation" and that "after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors." 11 U.S.C. § 1141(c), (d)(1)(A). Moreover, the discharge injunction entered by this Court "operates as an injunction against the commencement or continuation of an action, the <u>employment of process, or an act, to</u>

Case 3:19-ap-90088    Doc 3-5    Filed 05/13/19    Entered 05/13/19 17:32:04    Desc
Exhibit Walker Counterclaim    Page 10 of 18

collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 965 (11th Cir. 2012); *National City Bank v. Troutman Enters, Inc. (In re Troutman Enters, Inc.)*, 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000). In other words, following the entry of a discharge injunction, prepetition debts cannot be enforced because they are discharged and their collection is enjoined. The discharge injunction was entered on February 20, 2019, and the Plaintiff's claims occurred in 2015.

### Fourth Affirmative Defense: (Settlement Agreement)

This matter was settled by a settlement agreement approved by the United States Bankruptcy Court on February 22, 2017 (Exhibit B), and by Enforcement Order entered on September 26, 2017 (Exhibit C). The Settlement Agreement (Exhibit B) provides, among other things, in paragraph fifteen (¶ 15) and paragraph seventeen (¶ 17):

\*\*\*

15. Release of Defendants: Except as to any obligations set forth in this Agreement and subject to the provisions of Paragraph 11 supra, Claimants, for themselves, their members, officers and directors, hereby release and forever discharge REO Holdings, LLC, Charles E. Walker, Jon Paul Johnson, Trustee Lemeh, and Trustee McLemore, their members, holders of financial rights, officers, directors, agents, and attorneys from **any claims, demands, rights and causes of action arising out of or related to the Putative Class Action Litigation**, the Removed Putative Class Action Litigation, the Other Removed Litigation, or any other

proceeding or dispute that the parties have agreed to resolve pursuant to this agreement.

Ms. Irvin clearly falls within the class in Section E, paragraph 156 (a):

a. all persons who owned an interest in real property fraudulently redeemed from a tax sale by the Defendants.

### Fifth Affirmative Defense: (Res Judicata)

Defendant was dismissed with prejudice from the putative class action lawsuit that included Ms. Irvin as a class member as asserted in the Fourth Affirmative Defense. (Exhibit D). As a result of Defendant's dismissal with prejudice all factual allegations were resolved in Defendant's favor and are final.

### Sixth Affirmative Defense: (Limited Liability Rule)

T.C.A. § 48-217-101 Limited Liability Rule member not a proper party. Defendant is a member of REO Holdings, LLC. REO Holdings, LLC, was the contracting party with the Plaintiff. Defendant is not personally liable to Plaintiff.

### Seventh Affirmative Defense: (Reliance on Court Order)

Defendant relied on the Order attached quieting title against the whole world which includes Ms. Irvin. (Exhibit E)

### Eighth Defense: (Contributory Negligence)

That the Plaintiff is contributorily negligent and her negligence exceeds that alleged of the Defendant(s) and cannot therefore recover.

### Ninth Defense: (Defense of laches and/or Gross laches)

The Defendant may assert the defense of laches and/or gross laches with respect to the claims of the Plaintiff to the extent the statute of limitation affirmative defense is found to be inapplicable. The Defendant has relied upon Ms. Irvin's statement that she wanted to close, despite her cussing the Defendant out for fraud because she mistakenly thought she was entitled to the excess proceeds, and paid the closing funds pursuant to the contract. In addition the Defendant has caused certain debts to be paid off and discharged in reliance on Ms. Irvin proceeding with the contract.

### Tenth Defense: (Defense of Contract)

Ms. Irvin signed a contract and is bound by the terms and conditions of her written agreement. Her allegations contradict the written agreement in its entirety.

### Eleventh Defense: (Defense of Fraud)

The Plaintiff knew she did not own the property at the time she alleges REO approached her to buy her redemption right. She signed the contract to sell her right of redemption to REO Holdings, LLC, for $5,000. She wanted me to believe that she wanted to sell her right of redemption for $5,000. According to her allegations, that was untrue and she deceived me in reliance of her statement.

### COUNTERCLAIM AND THIRD PARTY CLAIMS

Defendant having fully answered now sues the Plaintiff and her attorneys as follows:

1. Paul Krog is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219

2. Eugene Bulso is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219.

## CLAIM FOR INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

3. Defendant is the real estate business and has existing business relationships with others that have existed at all relevant times hereto and were known or reasonably known the Plaintiffs;

4. Plaintiffs, and each of them, knew the Defendant was in the real estate business and made the false allegations and statements, among other things, that Defendant had forged deeds and oaths and that Defendant had defrauded Ms. Irvin out of the excess tax sale proceeds and only paid her $500 for her house.

5. Plaintiffs, and each of them, knew or should have known that by placing a lien on the Defendant's property based on fabricated stories, malicious statements and outright lies of fraud, forgery and cheating someone would harm the Defendant's business.

6. As a result of the Plaintiffs actions, Defendant has suffered harm.

## TORTIOUS INTERFERENCE WITH CONTRACT

7. Reincorporate all previous allegations.

8. Plaintiffs, and each of them, knew of the existence of the contract between REO Holdings, LLC, and Mr. and Ms. Irvin.

9. The Plaintiffs, and each of them, have intentionally interfered with the contract by claiming the purchase of Mr. and Ms. Irvin's redemption right was fraudulent.

10. The Defendant has sustained harm and damages as a result of the Plaintiffs conduct.

**COMMISSION OF ACTS OR ATTEMPTED ACTS OF TERRORISM**

11. The Plaintiffs, and each of them, have extorted and seek to extort the Defendant out of money and property by stalking and intimidation.

12. The Plaintiffs have, on one or more occasion, stated they were trying to make sure Defendant was disbarred.

13. The Plaintiffs have contacted the Board of Professional Responsibility, on information and belief, in excess of one hundred (100) times telling the Board all sorts of stories about what the Defendant is doing and where the Defendant is at.

14. The Plaintiffs have stalked the Defendant's family.

15. The Plaintiffs have stalked the Defendant's employees and attorneys, by way of example, appearing in court to intimate an attorney working for the Defendant by telling everyone in the courtroom, including the Judge, that the attorney had filed for bankruptcy and attached his petition to a pleading for everyone to see.

16. The Plaintiffs have conspired to extract money and property from the Defendant by creating false and fictitious cases, such as this one, for example.

17. The Plaintiffs knew that Ms. Irvin was not entitled to $71,000 in excess proceeds. In fact, they knew she wasn't entitled to any excess proceeds because she owed more on the house that it was worth. The mortgage lenders, both the 1st and 2nd mortgage holders were entitled to the excess proceeds which were insufficient to satisfy even the first mortgage. This is precisely the reason, that after Ms. Irvin cussed me out, her attorney called, and she wanted her check for the rest of the money.

18. The Plaintiffs knew she signed the contract and it was in her best interest. She received $5,000 that she would not have received. Furthermore, if she redeemed the property she would have <u>still</u> been upside down on the mortgages.

19. Defendant has suffered economic and noneconomic harm, including personal and property damage by the proximate cause of these acts of terrorism.

**WHEREFORE** Defendant prays,

    A. This matter will be tried by a Jury of twelve (12);

    B. That Defendant be awarded damages in the amount of $825,000.00;

    C. That all liens be removed from his property;

    D. That the Plaintiffs be required to record a notice of apology with the Register of Deeds that the lien lis pendens they recorded is not true and they are very sorry;

    E. The Defendant be awarded his reasonable attorney fees and punitive damages as provided for in T.C.A. § 39-13-811(b) and such other and further relief as he may be entitled including all amounts available under T.C.A. § 39-13-811.

Page **16** of **18**

Case 3:19-ap-90088 Doc 3-5 Filed 05/13/19 Entered 05/13/19 17:32:04 Desc
Exhibit Walker Counterclaim Page 16 of 18

Date: May 6, 2019

Respectfully submitted,

s/Charles E. Walker
Charles E. Walker, BPR No. 021277
**WOODBINE LEGAL PC**
69 Thompson Lane
Nashville, Tennessee 37211
o: 615-367-5111 | f: 615-383-1154
E-Mail: charles@woodbinelegal.com
*Pro Se*

## CERTIFICATE OF SERVICE:

I hereby certify that on May 6, 2019, I served the following parties by U.S. Mail:

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso & Nolan PLC
414 Union Street, Suite 1740
Nashville, TN 37219
615-780-4100
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Plaintiff*

s/Charles E. Walker
Charles E. Walker, BPR No. 021277